UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KISASI DAVID LIGGINS,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>ERIC ARNOLD, et al.,<br><br>　　　　　　Defendants. | No. 2:16-cv-0257 JAM CKD P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　　Plaintiff requests leave to proceed in forma pauperis. Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

1    The court is required to screen complaints brought by prisoners seeking relief against a
2 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
3 court has conducted the required screening. There are several problems with plaintiff's
4 complaint. Most notably, it is too long, difficult to read and contains unrelated claims. Under
5 Rule 8(d) of the Federal Rules of Civil Procedure, allegations in pleadings must be simple,
6 concise and direct. Under Rule 20, plaintiff cannot bring unrelated claims against different
7 defendants. Simply put, plaintiff cannot join claims against defendant B that have nothing to do
8 with those brought against defendant A.

9    For these reasons, plaintiff's complaint will be dismissed. However, the court will grant
10 plaintiff leave to amend to cure the deficiencies described above. Also, the amended complaint
11 must be legible and shall be no longer than 20 pages, including exhibits.[1] More generally, if
12 plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
13 complained of have resulted in a deprivation of plaintiff's constitutional rights. See <u>Ellis v.
14 Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). Also, plaintiff's amended complaint must allege in
15 specific terms how each named defendant is involved. There can be no liability under 42 U.S.C.
16 § 1983 unless there is some affirmative link or connection between a defendant's actions and the
17 claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). Furthermore, vague and conclusory
18 allegations of official participation in civil rights violations are not sufficient. <u>Ivey v. Board of
19 Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

20    Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to
21 make plaintiff's amended complaint complete. Local Rule 220 requires that an amended
22 complaint be complete in itself without reference to any prior pleading. This is because, as a
23 general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375
24 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no
25 longer serves any function in the case. Therefore, in an amended complaint, as in an original
26 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

27

28 [1]  Plaintiff is informed that is it generally not necessary to attach exhibits to a complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of this order, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: March 8, 2016

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
ligg0257.14