1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11     KISASI DAVID LIGGINS,                         No.  2:16-cv-0257 JAM CKD P

12                    Plaintiff,

13          v.                                       ORDER

14     ERIC ARNOLD, et al.,

15                    Defendants.

16

17          Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to

18     42 U.S.C. § 1983, and is proceeding in forma pauperis.  Plaintiff's amended complaint is now

19     before the court.

20          The court is required to screen complaints brought by prisoners seeking relief against a

21     governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

22     court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

23     "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

24     monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

25          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

26     Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

27     Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

28     indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

1

1  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

2  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

3  Cir. 1989); Franklin, 745 F.2d at 1227.

4      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

5  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

6  support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

7  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

8  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

9  this standard, the court must accept as true the allegations of the complaint in question, Hospital

10  Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

11  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

12  McKeithen, 395 U.S. 411, 421 (1969).

13      The court has conducted the required screening and finds that the amended complaint fails

14  to state a claim upon which relief can be granted.  Plaintiff complains about his being assigned to

15  segregated housing for some unspecified period of time on March 6, 2014.  However, improper

16  assignment to segregated housing is not an actionable injury unless a plaintiff was subjected to

17  atypical and significant hardship "in relation to the ordinary incidents of prison life."  Sandin v.

18  Connor, 515 U.S. 472, 484 (1995).  Plaintiff does not allege facts suggesting he was subjected to

19  atypical and significant hardship.  Plaintiff also complains about procedures used during prisoner

20  disciplinary proceedings.  However, plaintiff fails to indicate how this caused him injury.  Finally,

21  plaintiff alleges he was subjected to defamation.  But, defamation is not a claim that arises under

22  federal law.  Therefore, the court does not have jurisdiction over just that claim.  See 28 U.S.C. §

23  1330 et. seq.

24      For these reasons, plaintiff's amended complaint must be dismissed. The court will,

25  however, grant plaintiff leave to amend one final time.

26      As plaintiff was informed in the court's last screening order, if plaintiff chooses to file a

27  second amended complaint, plaintiff must demonstrate how the conditions complained of have

28  resulted in a deprivation of plaintiff's federal constitutional or statutory rights.  See Ellis v.

2

1  Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended complaint must allege in

2  specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C.

3  § 1983 unless there is some affirmative link or connection between a defendant's actions and the

4  claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167

5  (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and

6  conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v.

7  Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

8  In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

9  make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended

10  complaint be complete in itself without reference to any prior pleading.  This is because, as a

11  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

12  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original

13  pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as

14  in an original complaint, each claim and the involvement of each defendant must be sufficiently

15  alleged.

16  In accordance with the above, IT IS HEREBY ORDERED that:

17  1.  Plaintiff's amended complaint is dismissed; and

18  2.  Plaintiff is granted thirty days from the date of service of this order to file a second

19  amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules

20  of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the

21  docket number assigned this case and must be labeled "Second Amended Complaint"; failure to

22  file a second amended complaint in accordance with this order will result in a recommendation

23  that this action be dismissed.

24  Dated:  April 19, 2016

25  _____
   CAROLYN K. DELANEY
26  UNITED STATES MAGISTRATE JUDGE

27  1
   ligg0257.dis
28

3