UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KISASI DAVID LIGGINS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ERIC ARNOLD, et al.,<br><br>　　　　　Defendants. | No. 2:16-cv-0257 JAM CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff's second amended complaint (ECF No. 11) is now before the court.

　　　　The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

　　　　A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467

1

1  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt
2  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under
3  this standard, the court must accept as true the allegations of the complaint in question, Hospital
4  Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
5  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
6  McKeithen, 395 U.S. 411, 421 (1969).
7       Plaintiff seeks damages based on the fact that he was caused to be housed in segregated
8  housing for "approximately 1 week."  However, a brief assignment to segregated housing in most
9  instances is not an actionable injury, Sandin v. Connor, 515 U.S. 472, 485-87 (1995), and there is
10 no reason to depart from that rule here.
11      Plaintiff also seems to allege that some or all defendants participated in prisoner
12 disciplinary proceedings which resulted in plaintiff being assigned an "increased classification
13 score" which prevents plaintiff from being transferred to a lower level security prison.  However,
14 plaintiff has no right under the Constitution to be housed at any particular prison.  Meachum v.
15 Fano, 427 U.S. 215 (1976).
16      Finally, plaintiff asserts that the challenged disciplinary findings might affect his chances
17 for obtaining parole at his next parole hearing.  However, the Supreme Court held in Sandin that a
18 mere "chance that a finding of misconduct will alter the balance [regarding whether or not an
19 inmate will be granted parole] is simply too attenuated to invoke the procedural guarantees of the
20 Due Process Clause."  Sandin, 515 U.S. at 487.
21      For all of the foregoing reasons, plaintiff's second amended complaint fails to state a
22 claim upon which relief can be granted and must be dismissed.  The court will also recommend
23 that his action be closed without granting leave to amend a third time, as that appears futile.
24      In accordance with the above, IT IS HEREBY RECOMMENDED that:
25      1.  Plaintiff's second amended complaint be dismissed; and
26      2.  This case be closed.
27      These findings and recommendations will be submitted to the United States District Judge
28 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Findings and Recommendations."   Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 1, 2016

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
ligg0257.dis(2)

3